NATHANIEL MORTON, Assignee, vs. OTIS C. AUSTIN.

The assignee of an insolvent debtor cannot maintain a petition to enforce a me-
chanic's lien for lumber furnished by the insolvent, if the latter had taken of
the debtor his negotiable notes for the whole amount of the debt, and negotiated
them for value, although it was agreed the notes should not be a satisfaction
of the debt; nor can such assignee maintain the petition as trustee for the
holders of the notes, the insolvent having no interest in the claim at the time
of the assignment.

THIS was a petition to enforce a mechanic's lien, under
Rev. Sts. c. 117, alleging that " Nathaniel Morton, of Taun-
ton, on the 13th day of May current, was duly appointed
assignee of the estate of one Henry W. Coggeshall, of Taun-
ton, merchant, insolvent debtor, by order of David Perkins,
Esq., commissioner of insolvency within and for said county;
and that on the 31st day of August, 1849, the said Henry W.
Coggeshall, by an agreement signed and sealed, and ready to
be produced here in court, made with one Otis C. Austin, of
said Taunton, trader, contracted to furnish, and, in accordance
therewith, did furnish lumber and materials to the amount of
$271.01, for the erection of a certain building on a certain
tract or piece of land, belonging to said Otis C. Austin, situ-
ated in the village of Whittenton, in said town of Taunton,
containing one acre and ten rods, more or less ; " [The bound-
aries of which were not material.] The petition further rep-
resented that said Austin covenanted and agreed in said con-
tract to pay for said lumber in the following manner, viz :
Forty-five dollars on delivery of the materials, forty-five dol-
lars by the 30th day of September, 1849, forty-five dollars by
the 31st day of October, 1849, and the balance on the 30th
day of November, 1849 ; that the amount still due and unpaid
for the lumber and materials so furnished for said building is
$112.76, with interest thereon from the 1st day of January
last past; the said Austin also, by his said contract, engaged
and agreed that there should be a lien on said land and build-
ing for the payment of said lumber and materials in the man
ner aforesaid.   Said contract was duly recorded in the regis
try of deeds for said county of Bristol.

33 *

" The petitioner prayed that since sixty days had elapsed since the last instalment due by said contract became payable, the said premises should be sold, and the proceeds of said sale be applied to the discharge of said claim, and that such other order and decree be made thereon as to law and justice may appertain."

At the September term of the court of common pleas, 1852, the jury found a special verdict, substantially affirming the allegations in the respondent's answer, as follows :

" The jury find said Austin indebted to said Morton, assignee, in the sum of $65.18, as alleged in the petition, but they further find, as to such indebtedness, as follows : That said Austin, on November 28, 1849, gave to said Coggeshall is two notes, payable to his order, one for $112.76, payable at two months, and one for $113.25, payable at three months, at the Bristol County Bank, on account of lumber furnished under the contract to amount of $180, and on account of a further indebtedness of Austin to Coggeshall; that at the time said notes were given, it was agreed that they should not be in payment of the debt or discharge of the lien, but that the debt should remain in force; that afterwards, and before the note became due, Coggeshall procured the note of $112.76 to be discounted at said bank, and indorsed the same to said bank; that on January 31, 1850, said Austin paid and took up said note; that said Coggeshall, after giving said note of $113.25, and before the same became due, delivered to A. J. Bosworth said note, for a debt he owed him, and Bosworth received the same, and this was before the proceedings in insolvency. This note was discounted at the Bristol County Bank before it became due; but it does not appear whether this note was indorsed by said Coggeshall or not."

Upon this verdict, *Byington*, J. ruled that the petition could not be maintained, and the petitioner appealed.

*N. Morton & B. Sanford*, for the petitioner. 1. The lien does by law pass from the insolvent to the assignee.

2. There has been no waiver of the lien. *M' Gee* v. *Prouty*, 9 Met. 547; *Butts* v. *Dean*, 2 Met. 76; *Reed* v. *Upton*, 10 Pick. 525; *Watkins* v. *Hill*, 8 Pick. 522; *Curtis* v. *Hubbard*, 9 Met. 328.

3. The subsequent transfer of the note to Bosworth did not affect the lien. Story on Sales, § 268, 269, and cases cited; *Feise* v. *Wray*, 3 East, 93; *Edwards* v. *Brewer*, 2 Mees. & Welsb. 375.

4. If, by the transfer of the note, Coggeshall became a trustee of the lien for Bosworth, yet the lien would pass to his assignee, who would hold it in the same capacity.

5. And it does not appear but that the assignee is now seeking to enforce the lien for the benefit of the *cestui que trust.*

*C. I. Reed*, for the respondent. If the notes given by Austin to Coggeshall, the insolvent, were originally intended as payment, or if, by the acts of said Coggeshall, they have been made a payment of the original debt, then this petitioner, at any rate, cannot enforce this lien. In this case, the respondent does not pretend that originally it was the intention of the parties that these notes should be a payment of the subsisting debt; but he claims that the subsequent acts of Coggeshall have made them a payment so far as this petitioner is concerned.

Coggeshall might have so acted as to make the notes a payment, notwithstanding the original agreement that they should not be so considered. He has done so; he has made the defendant liable to be compelled to pay them.

If the facts stated in the verdict are not sufficient to constitute the note delivered to Bosworth a payment, yet no action can be maintained in the name of the petitioner; for this contract for a lien was held by Coggeshall in trust for the holder of the note, and did not pass to the petitioner by the assignment in insolvency. *Crane* v. *March*, 4 Pick. 131; *Parsons* v. *Welles*, 17 Mass. 425.

SHAW, C. J. 1. In coming to the opinion that this petition for enforcing a mechanic's lien by the assignee of the mechanic, cannot be maintained, we do not place the decision on the ground that giving negotiable notes for the amount of the debt was a satisfaction or payment of the debt, or a waiver of the lien; it being understood that it should not be so considered. When a note is taken, though in form negotiable, if

not intended as payment, it will be rather a liquidation and adjustment of the amount due, than an extinguishment of the original debt, until it is itself paid, even under the Massachusetts rule. *Thurston* v. *Blanchard,* 22 Pick. 18; *Butts* v. *Dean,* 2 Met. 76; *Curtis* v. *Hubbard,* 9 Met. 322. But if the holder indorses such note, and negotiates it for value, so as to give a legal title to an indorsee, then, while the note is so outstanding, and the property of another, the original creditor can maintain no action against the original debtor.

In the present case, Coggeshall, the insolvent, had so negotiated both notes, of which one is paid, and the other still outstanding. It is indeed stated in the verdict that it does not appear whether the latter of the two notes was indorsed by Coggeshall; but it does appear that it was payable to the order of Coggeshall, and that it had been discounted, and was held by a bank, and therefore the inference is strong, if not conclusive, that it was so indorsed.

2. It is then suggested in the argument that this petition to enforce the lien may be brought and maintained by the assignee as trustee of the actual holders, and that it does not appear that it is not so brought. In the first place, as the insolvent, at the time of the assignment, had a mere naked lien for securing a debt, in which the insolvent had no pecuniary interest, such a lien, if it still subsisted to any purpose, would not pass to the assignee by the assignment of the assets of the insolvent. But further; if it is intended to sustain this petition on that ground, it should have been distinctly stated and shown. At present, it appears to be a suit by the assignee for the use and benefit, and at the expense of the estate of the insolvent. As such, the court are of opinion that it cannot be maintained. *Petition dismissed.*